**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------
RANDALL K. VENZIE,                :
                                  :    Civil Action No.
              Petitioner,         :    11-7404 (RBK)
                                  :
         v.                       :    **MEMORANDUM OPINION**
                                  :    **AND ORDER**
MEG A. YATAURO et al.,            :
                                  :
              Respondents.        :
---------------------------------

IT APPEARING THAT:

1.  On December 21, 2011, the Clerk received Petitioner's submission purporting to operate as his § 2254 habeas petition, see Docket Entry No. 1; the submission arrived accompanied by a document purporting to operate as Petitioner's in forma pauperis application. See Docket Entry No. 1-1.

2.  Petitioner, an inmate currently confined at the Adult Diagnostic & Treatment Center, Avenel, New Jersey, was convicted, on March 18, 2004, of a slew of sexual offenses. See Docket Entry No. 1, at 1; see also <<https://www6.state.nj.us/DOC_Inmate/details?x=1295446&n=0>> (listing Petitioner's offenses).

3.  The Petition is silent as to the circumstances of Petitioner's direct appeal (if such was taken) and as to circumstances of his post-conviction relief ("PCR")

Page -1-

      proceedings, if such were commenced; the Petition merely states that Petitioner's certain, unspecified application was denied by the Supreme Court of New Jersey on a certain, unspecified date.  See id. at 2.  This Court's own research detected only one decision by the Supreme Court of New Jersey, State v. Venzie, 208 N.J. 336 (2011); that decision was issued on September 9, 2011, that is, about seven and a half years after Petitioner's conviction.

4. The information provided in the Petition does not allow this Court to determine whether the Petition is timely or duly exhausted.  Moreover, the content of the Petition introduces doubt as to the nature of challenges Petitioner is interested in litigating in this matter, since Petitioner's claims include: (a) allegations suggesting violation of his Miranda rights; (b) equal protection challenges based on the change in sentencing regime enacted by the State decades before Petitioner was sentences; (c) assertions that his term of imprisonment violated the Eighth Amendment prohibition against cruel and unusual punishment; (d) retroactivity claims based, puzzlingly enough, on the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), that is, on the case decided years before Petitioner's conviction and sentence; (e) allegations challenging merger (or denial of such merger) as to Petitioner's sentences under state

sentencing law; and even (f) a claim of Petitioner's "actual innocence" which is, in actuality, a challenge to the veracity of one of the State's witnesses who, seemingly, testified during Petitioner's criminal proceedings.  <u>See</u> Docket Entry No. 1.

5. So stated, Petitioner's claims prevent this Court from intelligently assessing Petitioner's position, substantively and procedurally.  <u>A</u> <u>fortiori</u>, the Court cannot expect Respondents to answer Petitioner's claims which nature and exact content the Court itself cannot understand. Therefore, in order to ensure Petitioner's full and fair opportunity to litigate his claims, the Court will direct Petitioner to submit a clear and concise amended petition stating Petitioner's claims (and *asserting specific facts* in support of each claim, rather than lengthy generalities expressing Petitioner's view as to what the law ought to be).

6. Moreover, in light of Petitioner's commencement of a Section 2254 action, this Court is obligated to provide Petitioner with notice, pursuant to the holding of <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 application.

Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  Therefore, Petitioner shall state *all* his habeas claims in his amended petition.

IT IS, therefore, on this __3rd__ day of __February__, 2012,

ORDERED that Petitioner's application to prosecute his habeas challenges in forma pauperis is granted; and it is further

ORDERED that Petitioner's § 2254 application is dismissed. Such dismissal is without prejudice to Petitioner's filing of a clear and concise amended habeas petition marshaling all Petitioner's habeas challenges; and it is further

ORDERED that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED."  Such termination is not a dismissal on merits, and this Court does not withdraw its jurisdiction over this action.  The Clerk will be directed to reopen this matter upon timely receipt of Petitioner's amended petition; and it is further

ORDERED that, in the event Petitioner timely files his amended petition, that amended petition will be deemed timely in the event Petitioner handed his original petition, Docket Entry No. 1, to his prison officials for mailing to this Court within the period allowed by the statute of limitations; and it is further

ORDERED that Petitioner shall submit his amended petition within sixty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that Petitioner's amended petition shall identify, *clearly and concisely*:

(a) the state court which rendered Plaintiff's conviction (if known. If Petitioner has no such information, he shall expressly state so);

(b) the date of Petitioner's sentencing and conviction (if known. If Petitioner has no such information, he shall expressly state so);

(c) whether Petitioner filed a direct appeal to the Superior Court of New Jersey, Appellate Division (and what was the outcome, and the date of that outcome, if known.  If Petitioner has no such information, he shall expressly state so);

(d) whether Petitioner sought certification from the Supreme Court of New Jersey as to his direct appeal (and what was

      the outcome, and the date of that outcome, if known. If Petitioner has no such information, he shall expressly state so);

(e) whether Petitioner sought certiorari from the Supreme Court of United States as to his direct appeal (and what was the outcome, and the date of that outcome, if known. If Petitioner has no such information, he shall expressly state so);

(f) whether Petitioner sought post-conviction relief from the Superior Court of New Jersey, Law Division (and what was the outcome, and the date of that outcome, if known. If Petitioner has no such information, he shall expressly state so);

(g) whether Petitioner filed appeal as to his post-conviction relief challenges with the Superior Court of New Jersey, Appellate Division (and what was the outcome, and the date of that outcome, if known. If Petitioner has no such information, he shall expressly state so);

(h) whether Petitioner sought certification as to his post-conviction relief challenges from the Supreme Court of New Jersey (and what was the outcome, and the date of that outcome, if known. If Petitioner has no such information, he shall expressly state so);

(i) whether Petitioner sought certiorari from the Supreme Court

   of United States as to his post-conviction relief challenges (and what was the outcome, and the date of that outcome, if known.  If Petitioner has no such information, he shall expressly state so);

(j) what were the exact challenges raised by Petitioner during his direct appeal and post-conviction relief proceedings (if known.  If Petitioner has no such information, he shall expressly state so); and

(k) what are the *exact* challenges to his conviction and/or sentence that Petitioner wishes to litigate in his instant action.  Petitioner shall clearly identify the constitutional basis for each of his legal claims and state the *factual* predicate supporting each of his claims.  Petitioner is expressly warned that no lengthy discussions of law or any other statement which relevance to Petitioner's conviction and/or sentence this Court would have to guess can qualify as sufficient factual assertions or a valid legal positions;[1] and it further

   ORDERED that no statement made by this Court in the instant

---

[1] In the event Petitioner's claims are timely and duly exhausted, Petitioner will have an opportunity to detail his perceptions of law in his traverse to Respondents' answer. However, until and unless an answer is ordered, Petitioner's discussions of law are premature and shall have no place in his amended petition.  The only references to law that the amended petition shall contain should be clear and concise statements, in each asserted ground, as to which constitutional provision Petitioner alleged his conviction and/or sentence violated.

matter shall be construed as expressing this Court's opinion as to substantive or procedural validity or invalidity of Petitioner's habeas challenges; and it is finally

ORDERED that the Clerk serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested, and shall include in said mailing a blank Section 2254 habeas petition form, *which Petitioner is strongly encouraged to utilize*.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**
